[No. 13656.  Department Two.  January 26, 1917.]

J. W. SLAYDEN *et al., Appellants,* v. CALVIN J. CARR, *as County Treasurer of Pierce County, Respondent.*[1]

FINES—DISPOSITION—STATUTES—CONSTRUCTION.  The act of 1909, Rem. Code, § 4606, providing that "except as otherwise provided by law," all fines imposed for breaches of the penal statutes shall be credited to the current state school fund, supersedes all prior statutes covering the same subject-matter; since otherwise there would be nothing left upon which the section could operate.

STATUTES—TITLE AND SUBJECTS—SCHOOLS.  The establishment and maintenance of the public school system are sufficiently correlated to be embraced in one act; hence the provision in the school code, which is entitled an act for the establishment and maintenance of the public school system, that fines imposed for breaches of the penal statutes shall be applied to the support of the schools, does not violate Const., art. 2, § 19, providing that no bill shall embrace more than one subject and that shall be expressed in the title.

HOLCOMB, J., dissents.

Appeal from a judgment of the superior court for Pierce county, Clifford, J., entered June 24, 1916, upon sustaining a demurrer to the complaint, dismissing an action for an injunction.  Affirmed.

*Fred G. Remann, Harry E. Phelps,* and *A. B. Bell,* for appellants.

*The Attorney General* and *L. L. Thompson, Assistant,* for respondent.

[1]Reported in 162 Pac. 529.

FULLERTON, J.—This is an action instituted by the county commissioners of Pierce county to restrain the county treasurer of that county from remitting to the state treasurer certain moneys derived from fines imposed for violations of the penal statutes. The *Attorney General*, appearing for the county treasurer, interposed a demurrer to the complaint, which the trial court sustained. The county commissioners elected to stand on the complaint; whereupon the court entered a judgment dismissing the action. The commissioners appeal.

As suggested by the foregoing statement, the sole question involved is the proper disposition of the moneys derived from fines and penalties imposed by the court for violations of the criminal statutes. It is the contention of the county commissioners that these belong to the general fund of the county where the conviction is had, while the *Attorney General* contends that they are payable to the state treasurer for the benefit of the current school fund. It is not questioned, of course, that the disposition of such funds rests solely with the legislature and that we have only to inquire what disposition the legislature has directed to be made of them. The latest enactment on the subject is found at § 9 on page 323 of the Laws of 1909. The section reads as follows:

"Except as otherwise provided by law, all sums of money derived from fines imposed for violation of orders of injunction, mandamus, and other like writs, or for contempt of court, and the net proceeds of all fines collected within the several counties of the state for breach of the penal laws, and all funds arising from the sale of lost goods and estrays, and from penalties and forfeitures, shall be paid in cash by the person collecting the same, within twenty days after the collection, to the county treasurer of the county in which the same have accrued, and shall be by him transmitted to the state treasurer, who shall place the same to the credit of the current state school fund. He shall indicate in such entry the source from which such money was derived." Rem. Code, § 4606.

Since all of the moneys in dispute were the net proceeds of fines collected in Pierce county for breaches of the penal laws, the question would present no difficulty were it not for the opening clause of the section quoted. Based on this clause, the appellants argue that the section is applicable only to moneys collected on fines imposed for breaches of the penal statutes the disposition of which is not provided for by prior statutes, and that, since prior statutes provide for the payment to the general fund of the county of moneys so collected, this money properly belongs to the general fund of the county of Pierce and not to the state.

It cannot be questioned that the prior laws did provide as the appellants contend. Since the first session of the territorial legislature, statutes in some form have been on the statute books making disposition of funds collected from the sources from which these funds were collected. The statutes have varied from time to time, and certain sessions of the legislature have seemingly enacted conflicting statutes on the same subject. These have been a subject of review in the briefs of counsel, but we shall not notice them further than to say that they have been at all times sufficiently broad to cover the entire subject-matter. We cannot, however, accept the appellants' construction of the section quoted. To give it the meaning contended for would render it entirely nugatory. There were, at the time of the passage of the act of which this section forms a part, no sums of money derived from fines imposed for the violation of the penal statutes the disposition of which was not provided for in the existing laws, and if the phrase "except as otherwise provided by law" means the statutes previously enacted and then in force, nothing was left upon which this particular section could operate. It cannot be known, it must be conceded, what was in the mind of the legislature that induced them to insert this excepting clause, but there were on the statute books statutes imposing penalties the disposition of which was specially directed, and it may be that these induced the

exception. But be this as it will, we are constrained to hold that the section supersedes all the prior statutes on the general subject enumerated. This would include statutes on the subject of fines collected for breaches of the penal laws the sources from which the money here in question was derived.

The section is a part of the code of public instruction of the state of Washington, and it is contended that the particular provision is without the scope and title of the act, and hence is in violation of § 19, art. 2, of the constitution, which provides that no bill shall embrace more than one subject, and that shall be expressed in the title. The act is entitled as follows:

"An Act establishing, providing for the maintenance of, and relating to, a general and uniform public school system for the state of Washington, providing penalties for the violation of the provisions of this act, and repealing all acts and parts of acts in conflict with the provisions of this act." Laws 1909, p. 230.

The establishment and maintenance of a uniform school system are sufficiently correlated to be permitted to be embraced in one act under the constitutional provision relied upon, and clearly the legislature has the same power to direct that funds derived from fines and penalties imposed for breaches of the penal statutes shall be applied to the support of the schools as it has to provide that funds from other sources, such, for example, as taxation, shall be so applied. We cannot think the act invalid for the reason here suggested.

The judgment is affirmed.

MORRIS, PARKER, and MOUNT, JJ., concur.

HOLCOMB, J., dissents.